IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  09-cv-00272-PAB-MJW

LARRY L. WATERS,

      Plaintiff,

v.

DURANGO FIRE AND RESCUE AUTHORITY,

      Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

---

This matter is before the Court on defendant Durango Fire and Rescue Authority's motion to dismiss [Docket No. 31].  The motion is fully briefed and ripe for disposition.

The case arises out of an investigation defendant initiated regarding allegations against plaintiff by fellow employees of Durango Fire and Rescue Authority.  During the investigation, defendant placed plaintiff on leave.  After the investigation concluded, plaintiff did not return to work, contending that the emotional toll of the investigation rendered him disabled.  Defendant then terminated plaintiff.

Plaintiff alleges that defendant, on account of conducting an investigation contrary to the terms of its personnel manual and terminating him for failing to return to work, has committed the torts of intentional and negligent infliction of emotional distress, has violated his procedural due process rights, and has discriminated against him on account of age and disability.

Defendant now seeks dismissal of plaintiff's claims in the amended complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. STANDARD OF REVIEW

### 1. Rule 12(b)(6)

Dismissal of a claim under Rule 12(b)(6) is appropriate where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For a complaint to state a claim it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. (8)(a)(2). Rule 8(a)'s "short and plain statement" mandate requires that a plaintiff allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah St. Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). At the same time, however, a court need not accept

2

conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erikson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (omission marks omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson*, 534 F.3d at 1286.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

### 2. Rule 12(b)(1)

Defendant also seeks dismissal of certain claims for lack of subject matter jurisdiction. Pursuant to Rule 12(b)(1), the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" when a party makes a factual attack on a complaint's claims. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Here, however, the Court need not go

3

beyond the allegations of the complaint to resolve the jurisdictional questions.

Therefore, the Court will "accept the allegations in the complaint as true." *Stuart v.*

*Colorado Interstate Gas Co.*, 271 F.3d 1221, 1226 (10th Cir. 2001).

## III. DISCUSSION

### 1. Intentional and Negligent Infliction of Emotional Distress

In his first and second claims for relief in the amended complaint, plaintiff alleges

that defendant's actions support claims for intentional and negligent infliction of

emotional distress.  Defendant, however, is immune from such claims.

The Colorado Government Immunity Act, Colo. Rev. Stat. § 24-10-101, *et seq.*

("CGIA") provides that "[a] public entity shall be immune from liability in all claims for

injury which lie in tort or could lie in tort regardless of whether that may be the type of

action or the form of relief chosen by the claimant . . ." Colo. Rev. Stat. § 24-10-106(1)

(subject to exceptions not applicable here).[1]  Defendant Durango Fire and Rescue

Authority is alleged to be "a multijurisdictional political subdivision formed by the City of

Durango." Am. Compl. at 2.   As such, defendant is a "public entity" within the meaning

---

[1]The CGIA provides that "[i]n addition to the immunity provided in subsection (1) of this section, a public entity shall also have the same immunity as a public employee for any act or failure to act for which a public employee would be or heretofore has been personally immune from liability." Colo. Rev. Stat. § 24-10-106(3); *see* Colo. Rev. Stat. § 24-10-118(2)(a) ("A public employee shall be immune from liability in any claim for injury, whether brought pursuant to this article, section 29-5-111, C.R.S., the common law, or otherwise, which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton . . . ."). Plaintiff has named only Durango Fire and Rescue Authority as a defendant. To the extent plaintiff alleges conduct by specific public employees, he is careful to allege that the actions were "beyond the scope of [their] job duties." Am. Compl. [Docket No. 19] at 5, ¶¶ 15, 18.

of the CGIA.  Here, plaintiff's state law claims – intentional and negligent infliction of

emotional distress – both "lie in tort."  *See, e.g., Han Ye Lee v. Colorado Times, Inc.*, ---

P.3d ----, 2009 WL 3464132, at *5 (Colo. App. Oct. 29, 2009) ("Colorado has adopted

the Restatement (Second) of Torts definition of intentional infliction of emotional

distress: 'One who by extreme and outrageous conduct intentionally or recklessly

causes severe emotional distress to another is subject to liability for such emotional

distress . . . .'"); *English v. Griffith*, 99 P.3d 90, 95 (Colo. App. 2004) ("The tort of

negligent infliction of emotional distress is predicated upon a viable claim that the

defendant negligently violated a legal duty of care owed to the plaintiff.").[2]  Plaintiff does

not contest this point.  Rather, he attempts to allege a new claim arising out of a

purported contract created by defendant's employment manual.  *See* Ex. A. to Def.'s

Mot.  Plaintiff, however, raises no contract claim in his complaint, and any attempt to re-

label his tort claims as contract claims is unavailing.[3]

---

[2]Therefore, the Court need not reach defendant's arguments regarding the complaint's failure to state a claim for intentional or negligent infliction of emotional distress.  The Court also notes that Colo. Rev. Stat. § 24-10-114(4) "clearly provides that a public entity shall not be liable for damages on a claim for outrageous conduct and § 24-10-118(5) does not create an obligatory exception that would impose *liability* for such a claim, but merely provides a discretionary avenue for a public entity to defend against or pay a punitive damages claim." *Barham v. Scalia*, 928 P.2d 1381, 1386-87 (Colo. App. 1996) (emphasis in original).

[3]Even if the Court permitted plaintiff to amend his complaint to add a breach of contract claim based on the employment manual, the Court would dismiss it under Fed. R. Civ. P. 12(b)(6).  Defendant's employment manual contains a disclaimer in bold type and capital letters stating that employment is "at-will" and employment may be terminated "at any time, for any reason."  Plaintiff does not contest defendant's argument that the disclaimer found in the personnel manual was conspicuous. *Cf. Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1259 (10th Cir. 2007) ("The employer's willingness to be bound can be inferred if the manual lacks a disclaimer stating that it does not constitute a contract or if the disclaimer is not clear and conspicuous.").

## 2. Due Process

In his third cause of action pursuant to 42 U.S.C. § 1983, plaintiff claims that defendant violated his due process rights as protected by the Fourteenth Amendment of the United States Constitution.[4] "A person alleging that he 'has been deprived of his right to procedural due process' must prove two elements: that he possessed a constitutionally protected liberty or property 'interest such that the due process protections were applicable,' and that he was not 'afforded an appropriate level of process.'" *Zwygart v. Board of County Comm'rs of Jefferson County, Kan.*, 483 F.3d 1086, 1093 (10th Cir. 2007) (quoting *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1135 (10th Cir. 1994)). The Court need only reach the first of the two elements.

Plaintiff alleges that defendant deprived him of a "property right in his pension benefits." Am. Compl. at 8, ¶ 24(a). He does not, however, contend – either in his complaint or in response to defendant's motion – that any vested pension benefits have been disturbed. Plaintiff apparently argues that he has a right to continued employment (and by extension to continued accrual of pension benefits). Plaintiff,

---

Instead, plaintiff argues that the language "for any reason" in the disclaimer should be read to require defendant to provide a reason for terminating him. Plaintiff offers no authority for such an interpretation. *Cf. Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1153 (10th Cir. 2008) (stating in the context of a Title VII claim that "[e]mployers are free to terminate at-will employees for any . . . reason – however unfair, unwise, or even erroneous – so long as it is not unlawful" and that "[a]s at – will employees, the [plaintiffs] were not entitled to an explanation from [defendant] . . . for their terminations"). In any event, defendant apparently did offer an explanation for terminating plaintiff, i.e, his failure to return to work after the completion of his leave.

[4]He also attempts to base his Section 1983 claim on an alleged violation of the Colorado Constitution.

however, was an at-will employee and provides no basis for finding he had a property

interest in continued employment.[5]  *See Darr v. Town of Telluride, Colo.*, 495 F.3d

1243, 1252 (10th Cir. 2007) ("At-will employees lack a property interest in continued

employment.").

No other specific property interest is identified by plaintiff,[6] and his claim for relief

includes only conclusory allegations.  *See, e.g.*, Am. Compl. at 12, ¶¶ 38-40

("Defendant . . . has subjected Plaintiff to harms that are protected rights afforded to

Plaintiff under Title 42 U.S.C. § 1983."; "Defendant is liable to Plaintiff in an action of

law or other proper proceeding for redress under 42 U.S.C. § 1983."; "The conduct of

Defendant has caused Plaintiff damages and are damages that would not have resulted

---

[5]*Cf. Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992) ("Since Plaintiff does not assert that he lost any earned pension benefits, his claim appears to be that an at-will employment otherwise unentitled to constitutional protection . . . still implicates due process guarantees where termination carries with it the loss of a prospective opportunity for continuing participation in a pension plan. Adoption of such a rule would seem to have wide-ranging disruptive consequences, precluding the availability of pension plans in all at-will employment relationships (or, conversely, precluding the creation of such heretofore common relationships whenever pension plans are offered by the employer).  In any event, we decline to consider the matter, because it was not raised before the district court.").

[6]Plaintiff does "allege[] that there may be other property rights that have been adversely affected by and through Defendant's actions that are yet to be determined." Am. Compl. at 9, ¶ 26.  As examples, he then alleges a violation of his First Amendment rights.  His section 1983 claim, however, appears to rely only on an alleged violation of his procedural due process rights.  The Court declines to construe the complaint so liberally as to assume that plaintiff is alleging a violation of the First Amendment distinct from his due process claim.  In any event, the complaint does not provide factual allegations supporting a finding that his speech was a substantial factor motivating his dismissal.  *See Couch v. Bd. of Trustees of Memorial Hosp. of Carbon County*, --- F.3d ----, 2009 WL 3821846, at *5-6 (10th Cir. Nov. 17, 2009).  Plaintiff again simply includes a conclusory allegation.  Am. Compl. at 9, ¶ 26(d) ("This exercise of Plaintiff's First Amendment speech activity was a substantial motivating factor in the decision to discharge Plaintiff.").

but for Defendant's breaches of the constitutional protections afforded Plaintiff under 42 U.S.C. § 1983, and such damages will be proved by Plaintiff in such an amount as shall be proved at a trial on the merits."). Consequently, the Court finds that plaintiff has failed to state a claim for violation of his due process rights.

### 3. Age and Disability Discrimination

Plaintiff fails to state a claim of discrimination on the basis of either age or disability in his fourth and fifth causes of action.[7] Pursuant to the Age Discrimination in Employment Act ("ADEA"), "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To ultimately succeed on such a claim, plaintiff "must prove by a preponderance of the evidence . . . that age was the 'but for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, --- U.S. ---, 129 S. Ct. 2343, 2351 (2009).

Here, plaintiff pleads nothing more than that he was terminated and was in the protected age group. Adding the conclusory allegation that he was terminated because of his age, Am. Compl. at 13, ¶ 43, does not save his claim. *See* Am. Compl. at 8, ¶ 24 ("Plaintiff is 48 years old, and subsequently terminated. Upon belief and information,

---

[7]Defendant also argues that plaintiff's discrimination claims are barred for failure to exhaust administrative remedies. On the present record, the Court declines to dismiss the claims on that ground, as they can be read to be based on his termination on January 8, 2008, which is within 300 days of his filing a charge with the Equal Employment Opportunity Commission on November 3, 2008. *Cf. Croy v. Cobe Laboratories, Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003).

plaintiff's age was a substantial factor [that] prompted the termination and the 'investigation' was a pretext for his improper termination."). Such skeletal allegations "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950 (internal quotation marks and alteration marks omitted). Because the complaint does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory," *Bryson*, 534 F.3d at 1286 (alteration marks omitted), the claim for discrimination on the basis of age must be dismissed.

Plaintiff also fails to state a claim for disability discrimination. To recover under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213, plaintiff would have to show that he (1) "is a disabled person as defined by the ADA;" (2) "is qualified, with or without reasonable accommodation, to perform the essential functions of the job held . . .;" and (3) defendant "discriminated against [him] because of [his] disability." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). Plaintiff simply alleges the existence of an undefined "impairment that has substantially limited his ability to continue his work" and that he "requested additional options." Am. Compl. at 13, ¶¶ 45, 48. These minimal allegations are insufficient to survive defendant's motion to dismiss.[8]

---

[8]Indeed, plaintiff vaguely alleges an ill-defined conspiracy to oust him from his job due to personal animus on the part of certain of defendant's employees. As an at-will employee, plaintiff must identify an illegal basis for his termination, not simply one that he determines to be "unfair, unwise, or even erroneous." *Adamson*, 514 F.3d at 1153.

9

"The plaintiff bears the burden of showing []he is able to perform the essential functions of h[is] job." *Mason v. Avaya Communications, Inc.*, 357 F.3d 1114, 1119 (10th Cir. 2004). Plaintiff does not refute defendant's contention that attendance is an essential function of his position with the Durango Fire and Rescue Authority. *Cf id.* ("Because Mason's disability precludes her from physically attending the Oklahoma City administrative center, an essential function of the service coordinator position, we must determine whether Avaya could reasonably accommodate her."). Furthermore, plaintiff does not specifically allege any "evidence sufficient to make a facial showing that accommodation is possible." *White v. York Intern. Corp.*, 45 F.3d 357, 361 (10th Cir. 1995). Thus, having failed to allege facts sufficient to support a finding on an essential element of a disability discrimination claim, i.e., that he was qualified, with or without reasonable accommodation, to perform the essential functions of the job, plaintiff's claim must be dismissed.[9]

---

[9]While the Court need not reach the other elements of a disability claim, it is worthy of note that plaintiff's allegations are equally conclusory and skeletal regarding both his impairment and that the alleged impairment was a substantial motivating factor in his termination.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Durango Fire and Rescue Authority's motion to dismiss [Docket No. 31] is GRANTED.  It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendant and against plaintiff.  Defendant may have its costs by filing a bill of costs pursuant to Local Rule 54.1.  It is further

**ORDERED** that plaintiff's motion for injunctive relief [Docket No. 72] is DENIED as moot.

DATED December *16* , 2009.

BY THE COURT:

Philip A. Brimmer
United States District Judge

11