IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00272-PAB-MJW

LARRY L. WATERS,

    Plaintiff,

v.

DURANGO FIRE AND RESCUE AUTHORITY,

    Defendant.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on plaintiff's motion for reconsideration ("Pl.'s Mot.") [Docket No. 78]. Plaintiff failed to comply with Local Rule of Practice 7.1, which is a sufficient ground for denying the motion. Local Rule 7.1(A) provides:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . , before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel . . . to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule. . . .

D.C.COLO.LCivR 7.1(A). Plaintiff's counsel has only certified that he conferred with opposing counsel about a motion for extension of time to file the instant motion.

Furthermore, even if the Court were to reach the merits, the motion fails to provide an adequate basis for altering or amending the judgment. The Court granted defendant's motion to dismiss on December 16, 2009, and judgment entered on December 21, 2009. [Docket Nos. 74, 75]. Plaintiff filed his motion for reconsideration within twenty eight days of the entry of judgment. Consequently, his motion falls under

the purview of Federal Rule of Civil Procedure 59(e).  A party is justified in bringing such a motion when there has been "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

Plaintiff argues that it was error for the Court to not have held an evidentiary hearing to resolve factual disputes before dismissing his tort claims pursuant to the Colorado Government Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101, *et seq.*  Plaintiff already presented, and the Court rejected, this argument.  Nothing in plaintiff's motion provides a basis to alter or amend the judgment in that regard.  As the Court stated in its order of dismissal, the CGIA affords public entities immunity against "all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant."  Colo. Rev. Stat. § 24-10-106(1).  Plaintiff did not contest that his claims for intentional and negligent infliction of emotional distress lie in tort.  Therefore, even assuming that he would be entitled to a hearing under different circumstances, it is unclear for what purpose plaintiff seeks an evidentiary hearing on this question.[1]  Plaintiff's other arguments are also largely reassertions of arguments he has already made.  Nothing he has presented in the

---

[1] Plaintiff also contends that "there has been no opportunity for amendment of the complaint . . . ."  Pl.'s Mot. at 3.  To the contrary, plaintiff amended his complaint once.  He never moved for leave to amend his complaint again.

motion satisfies a ground for relief pursuant to Rule 59(e).[2]

In sum, because plaintiff has failed to comply with Local Rule 7.1 and for the alternative basis that the motion fails on substantive grounds in any event, it is

**ORDERED** that plaintiff's motion [Docket No. 78] is DENIED.

DATED February 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] In his motion, plaintiff also requests reconsideration of the Court's decision to allow defendant to have its costs. Plaintiff offers no argument for why such costs are not authorized pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1.

Defendant has filed a motion seeking attorney fees and additional costs pursuant to Colorado law, a motion to which plaintiff has failed to timely respond. The Court will take up that motion separately.